## G. B. Smith *vs* L. J. Smith, &c. . <span style="float:right">REPLEVIN.</span>

### ERROR TO THE WASHINGTON CIRCUIT.

*Amendment. · Practice.*  <span style="float:right">*Case* 78.</span>

JUDGE BRECK delivered the opinion of the Court. <span style="float:right">*April* 12.</span>

THIS was an action of replevin, brought by the plain- The case stated. tiff in error against the defendants, for a slave. The defendants made avowry and justified the taking under an execution against Bartholomew Smith, and in favor of James H. Cunningham, and which they averred had been levied by the defendant, Smith, as a deputy Sheriff, upon the slave in controversy, as the property of the defendant in the execution. There were other averments in the avowry, but which it is not deemed necessary to notice.

The plaintiff replied, denying that there was any such execution as stated by the defendants, and putting in issue also, the other averments in the avowry.

After the jury was sworn, the counsel for the defendants made affidavit, that when he drew the avowry he knew that the judgment, upon which the execution issued, relied upon in the avowry, was in the name of Cunningham and Nall, but was under a belief that Nall was dead, and did not learn his mistake till the execution was brought into Court, which was after the avowry was filed.

Upon this statement he asked leave of the Court to amend the avowry by inserting the name of *Cyrus Nall,* as one of the plaintiffs in the execution relied on, and so that the avowry would read, "an execution in favor of James H. Cunningham and Cyrus Nall." The plaintiff objected to the amendment, and intimated a willingness that a juror might be withdrawn and the cause continued at defendant's costs—but the Court permitted the proposed amendment to be made, and thereupon left it optionary with the counsel for the plaintiff to have the cause continued at the costs of the defendants, if his client had been surprised by the amendment.

No desire being expressed by the plaintiff or his counsel for a continuance, in the way proposed, and there being no intimation that the plaintiff was surprised by the amendment, the trial of the cause progressed to verdict and judgment for the defendants, and the Court below overruling the plaintiff's motion for a new trial, he has brought the case before this Court for a revision.

The plaintiff's counsel insists that the Court erred in permitting the defendants to amend their avowry.

That it was erroneous, after the amendment, to progress in the trial of the cause without again swearing the jury.

That in view of the whole case, a new trial should have been awarded the plaintiff.

It was not error to permit defendant to change the description of the execution relied on as justification in replevin, by adding the name of another plaintiff, and progress with the trial, where no surprize or desire for continuance was urged by plaintiff.

—And on making such amendment it is not necessary that the jury should be sworn again.

As to the first suggestion, this Court is clearly of opinion that the Court below was correct in permitting the defendants to amend. That it was no abuse of that discretion which, in reference to the subject of pleadings, and under the statute of 1811, the Court could lawfully exercise. The exercise of such discretion this Court has seldom controlled, and never, except in cases of its obvious abuse.

In reference to the second suggestion, it seems to the Court that after verdict, the objection that the jury were not sworn after the amendment, if even entitled to consideration, comes too late. The plaintiff's counsel insists that the amendment presented a new issue between the parties, which the jury had not been sworn to try. It is true, whether there was such an execution as set forth by the defendants in their avowry, constituted a part of the issue, which the jury were sworn to try, after the avowry and replication were filed. But we think that, practically considered, the jury are sworn to try the issue as it may be modified and submitted to them by the Court. Cases may readily be conceived in which one of several pleas might be properly withdrawn, after the jury were sworn, which, in a technical point of view, might change the issue, but which could in no way affect the verdict. The amendment in this case was not of a character to surprise the plaintiff, nor in any conceivable view of the case, to mislead the jury. There certainly would have

been no impropriety in again swearing the jury, after, by the amendment, more completely identifying the execution relied on, if either party had desired it.   But as no such desire was intimated, and as the trial progressed without objection by the plaintiff, he should be regarded as waiving any objection to progressing with the trial without re-swearing the jury, if such objection, at any time, could be entitled to serious consideration, and after verdict, should not be permitted to make it available.

There are no other grounds upon which this Court are inclined to disturb the judgment of the Court below.

The judgment must, therefore, be affirmed.

*Harlan & Craddock* for plaintiff: *M. D. McHenry* for defendants.